**Paul Simon, Defendant in Error v. Featherstone Foundry & Machine Company, Plaintiff in Error.**

**Gen. No. 17,258.**

1. MASTER AND SERVANT—*when evidence does not show what caused injury.* In an action for personal injuries by a machinist injured while working at night when a dipper-mouth weighing about six hundred pounds fell against him after he had attached a chain from a crane thereto, *held*, that the evidence fails to show what negligence of defendant caused the injuries, that it appears that the appliances were suitable, that there was sufficient light and that plaintiff's fellow-servants were competent.

2. EVIDENCE—*personal injuries.* Plaintiff in an action for personal injuries must prove the cause and manner of the injury, and the appellate court cannot speculate with reference thereto.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed with finding of fact. Opinion filed April 9, 1913.

F. J. CANTY and R. P. GARRETT, for plaintiff in error; J. C. M. CLOW, of counsel.

No appearance for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

This was a suit by defendant in error against plaintiff in error to recover damages for personal injuries alleged to have been occasioned by the negligence of plaintiff in error. The statement of claim filed by defendant in error in the Municipal Court charges that plaintiff in error negligently failed to furnish a reasonably safe place for defendant in error to work, in that said place was insufficiently and improperly lighted; that plaintiff in error negligently failed to furnish defendant in error with reasonably safe tools and appliances with which to do his work; and negligently furnished defendant in error with incompetent assistants to do said work.

A trial by jury resulted in a verdict and judgment against plaintiff in error for $300.

The only evidence introduced at the trial was introduced on behalf of defendant in error, and at the close of said evidence plaintiff in error moved the court to give to the jury a peremptory instruction, which motion was denied.

There is no appearance by defendant in error in this court.

It is insisted on behalf of plaintiff in error that the evidence fails to disclose any actionable negligence on its part; that defendant in error assumed the risk of the injury sustained by him; that the negligence, if any, which occasioned the injury complained of, was the negligence of a fellow-servant or fellow-servants of defendant in error.

Defendant in error testified that he was 22 years of age, a "full-fledged" machinist, and was employed in that capacity on August 19, 1908, by plaintiff in error in

its foundry and machine shops; that he worked during the forenoon of that day and again commenced work at 6 o'clock in the evening; that he worked in the shop until about 1 o'clock, when he was directed to go into the foundry yard and assist in removing some dipper-mouths from the yard into the shop; that the mouths or front pieces of the dipper were made of sheet steel and weighed about 600 pounds each; that there were about 40 of these mouths and a quantity of old junk piled around the yard; that the mouths were lifted on to trucks by operating a crane having a swinging arm from which a block and chains were suspended, which chains were hitched or hooked around the mouths; that there was no artificial light in the yard, but it was moonlight, and he could see the piles of mouths and junk and also the crane and the block and chains; that it was about 6 feet from where the block and chain hung to the mouthpiece around which he hooked the chain; that he took hold of the loose chain and climbed on one of the mouth pieces and somebody came along and said, "All right," and he made the hitch.  In assuming to describe the precise manner in which the injury was occasioned, defendant in error said:

"Just as I was putting that chain around there and I got that chain around this mouth piece, and the fellows there held the block over and the mouth piece came over on me so they pushed the block over.  I took up the chain and went and tied it around the mouth piece; then this mouth piece came over on me and smashed my fingers; it did not throw me down, it struck my hand.  I hooked this chain around the mouth piece.  Nobody said anything to me.  When I got the chain hooked on there I was just walking away when it fell over on me; it hit me on the chest.  I don't think I had my hands on these mouth pieces; my hands were under the mouth pieces.  I don't know whether they rested on the pile or not.  I don't know where I got hurt; I know I grabbed hold of the mouth pieces.

The first thing that happened to me after I fastened the chain around, was when these came over against my chest. That was after I had hooked it on, the chain reached all right around the mouth pieces and I got the chain over to the mouth pieces all right. I got the chain over these and around the mouth pieces all right.''

August Stringer, the only other witness called on behalf of defendant in error, testified that he had charge of the men who worked in the yard; that he was running the crane when defendant in error was injured, which was about 9 o'clock at night; that the chain was properly hooked on to the mouthpiece; that there was a railroad track in the yard and some freight cars standing on it; that the arm of the crane projected over the cars, which were between the place where he was operating the crane and the place where defendant in error was working, so that he did not see defendant in error when he was injured; that the men who were assisting defendant in error had worked at night in the yards for four weeks; that they could not talk English, but he had shown them how to do everything.

A consideration of the foregoing evidence obviously fails to disclose what, if any, negligence of plaintiff in error occasioned the injury complained of. Much less does it appear that defendant in error was injured by the negligence of plaintiff in error, as charged in the statement of claim. It appears affirmatively that the appliances furnished by plaintiff in error were proper and suitable for the work in hand; that there was sufficient light to enable the workmen to see the material to be removed, the appliances provided for moving the same, and the application of such appliances to the material; that the fellow-servants of defendant in error were informed as to their duties and were competent to perform the same.

It was incumbent upon defendant in error to prove

the cause and manner of his injury, and we cannot indulge in mere speculation with reference thereto. Trybula v. Plamondon Mfg. Co., 153 Ill. App. 298.

The judgment is reversed with a finding of fact to be incorporated in the judgment of this court.

*Judgment reversed with finding of fact.*

Finding of Fact: We find as an ultimate fact that plaintiff in error was not guilty of any negligence which occasioned the injury to defendant in error.